UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CODY PENLEY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 2:24-CV-21-TAV-CRW |
| RONNIE LAWSON, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction currently incarcerated at the Hawkins County Jail, has filed (1) a pro se complaint under 42 U.S.C. § 1983 alleging that officials at the Hawkins County Jail are violating his religious rights [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [Doc. 1], **PERMIT** Plaintiff's Free Exercise Clause claim to proceed against Sergeant ("Sgt.") Sharon Smith, and **DISMISS** the remaining claims and defendants.

I.   **MOTION TO PROCEED** *IN FORMA PAUPERIS*

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and supporting documents [Doc. 7] that he cannot pay the filing fee in a lump sum. Accordingly, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's

preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II. SCREENING

A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B. **Allegations of Complaint**

Ministers from the Baptist and the Jehovah's Witnesses religions offer "church callouts" and/or Bible studies at the Hawkins County Jail [Doc. 2, p. 4]. Since November 14, 2023, Sgt. Smith has "force[d] a choice of denominations" on inmates, which prevents Plaintiff, who identifies as non-denominational, from attending the services of both groups as he desires to do [*Id.*]. Other staff members enforce and "acknowledge[]" Sgt. Smith's policy [*Id.* at 4–5].

Additionally, Defendants have falsely told members of the Jehovah's Witnesses that Plaintiff and other inmates were refusing to see them, when in fact, Plaintiff was never told that the ministers were there to see him [*Id.* at 4]. And if Plaintiff has attended a study by a Jehovah's Witnesses minister, he is not allowed to go to the Baptist "callout" when it occurs [*Id.*]. Plaintiff maintains that he enjoys learning from the ministers of both religions, and that forcing him to choose one denomination prevents him from worshiping as he chooses [*Id.* at 4–5].

3

Aggrieved, Plaintiff filed this action against Sheriff Ronnie Lawson, Lieutenant ("Lt.") Butch Gallion, Sgt. Smith, Sgt. Autumn Armstrong, Correctional Officer ("CO") Mathew Hendrix, Corporal ("Cpl.") Shivey, C.O. Ekiekiel Davis, along with all correctional officers "and top officials" that "participate in this behavior" seeking monetary relief, injunctive relief, and for the administrative officials to be terminated from their jobs [*Id*. at 3, 6].

C. **Analysis**

Plaintiff alleges that Sgt. Smith implemented a policy that violates Plaintiff's constitutional rights, and that "her entire shift" acquiesced to it [*See* Doc. 2, pp. 4–5]. But these allegations are too vague and conclusory to state a claim against shift officers, as a claim under § 1983 requires a plaintiff to allege that through their "own individual actions" each defendant "*personally* violated plaintiff's rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). And because of this requirement, constitutional liability likewise cannot attach to a defendant based solely on his or her position of authority over others. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff's complaint contains no allegations from which the Court could plausibly infer that Sheriff Lawson, Lt. Gallion, Sgt. Armstrong, C.O. Hendrix, Cpl. Shivey, or C.O. Davis were

personally involved in violating Plaintiff's constitutional rights, and they will be **DISMISSED**.

Moreover, aside from being conclusory, Plaintiff's claim that all correctional officers "and top officials" "participate in this behavior" fails to commence a civil action against these individuals. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, Plaintiff's claims against unidentified officers and officials will be **DISMISSED**.

This leaves the Court to consider Plaintiff's allegations against Sgt. Smith, which implicate the Free Exercise Cause of the First Amendment. "The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . . prohibiting the free exercise' of religion.'" *Fulton v. City of Philadelphia*, 593 U.S. 522, 532 (2021). But "while freedom to believe is absolute, the exercise of religion is not[.]" *Childs v. Duckworth*, 705 F.2d 915, 920 (7th Cir. 1983) (citing *Connecticut v. Cantwell*, 310 U.S. 296 (1940)). And "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Accordingly, a prisoner's rights may be

reasonably restricted to accommodate "legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Prisons must allow prisoners a reasonable opportunity to exercise their faith. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). To establish a free exercise violation, Plaintiff must establish that (1) the belief or practice asserted is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987) (internal citations and citation omitted). To be actionable, Defendant's infringement must place "a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). And "the Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). A burden is substantial where it (1) forces an individual to choose between following the tenets of his religion and foregoing governmental benefits or (2) places "substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" *Id*. at 734.

Plaintiff does not identify with any particular religious group, but the Court presumes for purposes of analysis that his attempts to explore his religious beliefs are sincerely held. And attending religious services and Bible studies are unquestionably religious practices. The substantial burden inquiry is less clear. But it is arguable that Plaintiff's search for his personal religious convictions is substantially burdened if he is prevented from exploring his beliefs through religious services and study by having to prematurely identify as one particular religious group over another. Therefore, at this stage

6

of the litigation, the Court finds that Plaintiff has plausibly alleged that Sgt. Smith's conduct violates Plaintiff's rights under the Free Exercise Clause, and this claim will **PROCEED**.

III. **CONCLUSION**

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff has set forth a plausible claim against Sergeant Sharon Smith for the violation of Plaintiff's rights under the Free Exercise Clause, and this claim will **PROCEED**;

5. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Smith;

6. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

7. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against her;

10. All other claims and Defendants are hereby **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor

7

the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

                                s/ Thomas A. Varlan
                                UNITED STATES DISTRICT JUDGE