UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CODY PENLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:24-CV-21-TAV-CRW |
| SHARON SMITH, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of the progress of this case. On April 5, 2024, this Court entered an Order granting Plaintiff permission to proceed *in forma pauperis* in this pro se prisoner's civil rights action under 42 U.S.C. § 1983 and ordering Plaintiff "to immediately inform the Court and Defendants of any address changes in writing" [Doc. 6, p. 2]. The Order advised Plaintiff that the Court's Local Rules require pro se parties "to promptly notify the Clerk and other parties to the proceedings of any change in his address. . . . [and that] [f]ailure to provide a correct address to this Court within fourteen (14) days in address may result in the dismissal of this action" [*Id.* at 2–3].

That advisement was repeated in the Court's subsequent Order screening Plaintiff's Complaint [*See* Doc. 8, pp. 7–8]. Nonetheless, the last Order mailed to Plaintiff's address of record was returned as undeliverable on August 13, 2024, with a notation on the envelope that Plaintiff is "[n]o longer at this address" [Doc. 14]. More than fourteen (14) days have passed since the Court's Order was returned, and Plaintiff has not updated his address or otherwise communicated with the Court.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). And Local Rule 83.13 also provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address." E.D. Tenn. L.R. 83.13. That notification "must be accomplished by filing a Notice with the Clerk . . . within 14 days of the change of address." *Id.* (emphasis in original).

Applying these rules compels the Court to dismiss this action. Plaintiff has willfully failed to comply with the Local Rule 83.13 and the Court's prior Orders regarding the change-of-address-requirement. And Plaintiff's failure to timely file a notice of a change

2

of address with the Court has left the Court without any means to communicate with Plaintiff or move this litigation forward.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with his duty to keep the Court apprised of his address.

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13. *See Rodriguez*, 62 F.4th at 277; *see also* E.D. Tenn. L.R. 83.13.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id.*

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE